**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Blaire GUTHRIE, Defendant–Appellant.**

**No. 07–10259.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 16, 2008.*

Filed Jan. 23, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark J. McKeon, USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Carrie S. Leonetti, Esq., FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: NOONAN, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM **

Blaire Guthrie appeals the district court's order denying her motion to dis-

miss the indictment and to suppress the statements she gave to National Park Service ("NPS") Rangers during her detention. Guthrie contends the district court erred in denying her motion to dismiss the indictment and suppress her statements because the 27–hour delay between her arrest and initial appearance before a magistrate violated: (1) the Fourth Amendment; (2) the United States District Court for the Eastern District of California's Criminal Justice Act Plan ("CJA"); and (3) Federal Rule of Criminal Procedure 5(a) ("Rule 5") and the *Mallory* rule.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

■ Because Guthrie's pre-arraignment detention lasted less than 48 hours, it is presumptively constitutional under the Fourth Amendment. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 56, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Guthrie presents three arguments to rebut the presumption of constitutionality.

■ First, Guthrie contends she was not presented to the magistrate at the first scheduled arraignment calendar following her arrest. The presentment delay occurred for constitutionally acceptable reasons. Guthrie was first booked and interviewed at the Yosemite Holding Facility. *See Kanekoa v. City & County of Honolulu,* 879 F.2d 607, 611–12 (9th Cir.1989) (holding an interview is part of the "administrative steps incident to arrest" that justify delay). Further, the Rangers could not take Guthrie immediately to the magistrate following her interview because they also had to book and interview Kimberly

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The *Mallory* rule refers to the Supreme Court's decision in *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

Williams, who was arrested with Guthrie. *See McLaughlin,* 500 U.S. at 56–57, 111 S.Ct. 1661 (noting the processing of other suspects may justify delay). Finally, the only magistrate in Yosemite was unexpectedly unavailable due to a family emergency when the Rangers completed processing Williams and Guthrie. *See id.* (noting the unavailability of a magistrate may justify delay).

■ Second, Guthrie asserts the pre-arraignment delay was solely for the purpose of obtaining a confession from her. Nevertheless, the Rangers did not need a confession to justify Guthrie's arrest because Guthrie does not contest the Rangers had probable cause to arrest her. *See Kanekoa,* 879 F.2d at 612 (holding the police did not interview the arrestees merely to build a case against them because the arrestees conceded the police had probable cause to arrest). Further, Guthrie, after being advised of and waiving her *Miranda* rights, confessed to the events surrounding her arrest at the beginning of the interview. That the Rangers also asked Guthrie, to establish "motive," why she stole money from the gift shop does not mean the sole purpose of the presentment delay was to obtain a confession.

Guthrie's contention that the NPS delayed her arraignment to question her about crimes unrelated to her arrest lacks factual support. Guthrie made unsolicited statements regarding criminal activity in Yosemite Park, even though the Rangers attempted to end the interview several times. It was not unreasonable for the Rangers to listen to Guthrie's voluntary statements and ask follow-up questions.

■ Third, Guthrie asserts the pre-arraignment delay was unreasonable because NPS regulations prohibited its law-enforcement officers from arresting Guthrie for a misdemeanor under the circumstances of this case. Guthrie does not explain why the validity of her *arrest* under the NPS regulations can rebut the presumption that the *delay* between her arrest and her presentment was constitutional. Assuming, arguendo, an unconstitutional arrest can rebut the presumption that a presentment delay was constitutional, Guthrie's arrest did not violate the Fourth Amendment. *See Atwater v. City of Lago Vista,* 532 U.S. 318, 323, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

Thus, Guthrie has failed to rebut the presumption that the pre-arraignment delay was constitutional under the Fourth Amendment.

## II.

■ Guthrie contends the district court erred in denying her motion to dismiss/suppress because the NPS violated the CJA. Within two hours of her arrest and before the NPS Rangers interviewed her, Guthrie was advised of and waived the right to have counsel appointed if she could not afford one. Further, the Federal Public Defender's Office was notified of Guthrie's arrest at 5:00 p.m. on the date of her arrest, and counsel was appointed for Guthrie at her first appearance before the magistrate.[2] Accordingly, there was no CJA violation.[3]

## III.

■ A valid *Miranda* waiver also waives any Rule *5/Mallory* claim. *See*

---

**2.** Guthrie asserts the NPS took affirmative steps to conceal her from a public defender who was visiting the Yosemite Holding Facility at 3:30 p.m. on the day of Guthrie's arrest. There is no evidence of this in the record.

**3.** We express no opinion as to what remedies, if any, are available for a CJA violation.

*United States v. Howell,* 470 F.2d 1064, 1067 n. 1 (9th Cir.1972). Guthrie was advised of her *Miranda* rights, indicated she understood them, and signed a waiver of rights form. Guthrie does not challenge the validity of her *Miranda* waiver. Thus, by waiving her *Miranda* rights, Guthrie also waived her Rule *5/Mallory* claim.

**AFFIRMED.**